UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. ARTHUR,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNKNOWN,<br><br>        Defendant. | 1:22-cv-00279-GSA-PC<br><br>**ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>     **AND**<br><br>**FINDINGS AND RECOMMENDINGS THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 16.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

     Michael D. Arthur ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. On March 7, 2022, Plaintiff filed a complaint styled as a letter-to-the-court at the United States District Court for the Central District of California, which was opened as a new case. (ECF No. 1.) On March 8, 2022, the case was transferred to the Eastern District of California. (ECF No. 4.)

     On June 16, 2022, the Court issued an order requiring Plaintiff to file a First Amended Complaint on the Court's form within thirty days. (ECF No. 16.) Plaintiff has requested and

been granted four extensions of time in which to file the First Amended Complaint. (ECF Nos. 17, 18, 19, 20, 21, 22, 23, 25). The Court's most recent order, issued on December 7, 2022, responded to Plaintiff's fourth motion for extension of time and granted Plaintiff an extension of time until March 10, 2023 to file the First Amended Complaint. (ECF No. 25.)   This fourth deadline has now expired and Plaintiff has neither filed a First Amended Complaint nor requested additional time to do so.

## II.     FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 7, 2022.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's order.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint on the Court's form that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of

evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III. CONCLUSION, ORDER, AND RECOMMENDATIONS

#### A. ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court shall randomly assign a United States District Judge to this case.

#### B. RECOMMENDATIONS

The Court **HEREBY RECOMMENDS** that this case be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order issued on December 7, 2022.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 16, 2023__                    /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE