UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. ARTHUR , <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN, <br><br> Defendant. | No.  1:22-cv-00279 JLT GSA (PC) <br><br> FINDNGS AND RECOMMENDATIONS <br><br> ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO FILE NOTICE OF CURRENT ADDRESS WITH COURT <br><br> PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to file a current address with the Court.  Plaintiff will have fourteen days

---

[1]  The undersigned takes judicial notice of the fact that a search for Plaintiff on the website of the California Department of Corrections and Rehabilitation – Plaintiff's last known custodian –by both his name and his inmate number yielded "No Results" responses.  See California Department of Corrections and Rehabilitation California Incarcerated Records and Information Search (CIRIS), https://ciris.mt.cdcr.ca.gov/search (last visited October 21, 2024).
   A court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201; see United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201).

1

from the date of this order to file objections to it.

## I. RELEVANT FACTS

On August 12, 2024, an order sent to Plaintiff was returned to the Court marked "Undeliverable, Inactive." Since then, more than sixty-three days have passed and Plaintiff has not filed a notice of change of address with the Court. See, e.g., Local Rule 183(b).

## II. DISCUSSION

Although Plaintiff's copy of the order was returned, he was properly served. It is a plaintiff's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). Moreover, pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. For these reasons, it will be recommended that this matter be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without prejudice for failure to file a notice of current address with the Court.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 21, 2024**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE